## ALABAMA GREAT SOUTHERN R. CO. v. O'BRIEN.

(Circuit Court of Appeals, Fifth Circuit. May 21, 1895.)

### No. 363.

1. TRIAL—INSTRUCTIONS—REQUESTED CHARGES.
    The court is not bound to give requested charges the substance of which has been accurately and soundly stated in the general charge.

2. SAME—REFUSAL TO GIVE GENERAL CHARGE.
    . Refusal to give a general charge for defendant is not erroneous where there is proof tending to support plaintiff's case, although the preponderance of proof may appear to be against him.

In Error to the Circuit Court of the United States for the Northern District of Georgia.

This was an action by Pat O'Brien against the Alabama Great Southern Railroad Company to recover damages for personal injuries sustained while in its employ as an engineer by jumping from his engine in order to avoid a collision. The jury returned a verdict for plaintiff in the sum of $4,500, and judgment was entered thereon by the court. Defendant brings error.

Albert Howell, Jr., for plaintiff in error.
Burton Smith, for defendant in error.

Before McCORMICK, Circuit Judge, and BRUCE, District Judge.

PER CURIAM. The assignment of errors points out 12 grounds of alleged error in the action of the trial court, 11 of which relate to the refusal to charge the jury as requested by the defendant. Most of the requested charges are substantially embraced and more accurately and soundly stated in the court's charge. The others, when reduced to their essential extract, make a request for the general charge for the defendant. While there is possibly a preponderance of proof against plaintiff's contention on the single vital issue of fact joined by the parties, it is clear to us that there was proof tending to support the case of the plaintiff. There was, therefore, an issue for the jury. As we have already said, the matter of the requested charges, as far as it was proper for any of them to have been given, was embraced in the charge of the court, and therefore should not have been repeated in the language of counsel, colored, more or less, as such language always is, by the bias of advocacy. The judgment of the circuit court is affirmed.