SALEM IRON CO. v. COMMONWEALTH IRON CO.

(Circuit Court of Appeals, Third Circuit. January 5, 1903.)

No. 41.

1. INSTRUCTIONS—REQUESTS—FEDERAL PRACTICE.

In the federal courts a trial judge is not required to specifically and directly answer every point which may be submitted by counsel. If the instructions given, as a whole, fully, correctly, and clearly present the law, nothing further can be required.

2. CORPORATIONS—RATIFICATION OF CONTRACT—EVIDENCE.

Evidence that a contract made on behalf of a corporation by its officers was not objected to by the directors, even if not sufficient, under the circumstances shown, to prove ratification, is admissible on that issue where the corporation subsequently seeks to repudiate the contract.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

N. B. Billingsley, for plaintiff in error.

Harvey D. Goulder and Wm. Scott, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. In the courts of the United States, whatever may be the rule in other jurisdictions, a trial judge is not obliged to specifically and directly answer every point which may be submitted by counsel. Improvement Co. v. Stead, 95 U. S. 166, 24 L. Ed. 403; Insurance Co. v. Ward, 140 U. S. 76, 11 Sup. Ct. 720, 35 L. Ed. 371; Railroad Co. v. O'Brien, 16 C. C. A. 216, 69 Fed. 223. If the court's instructions, as a whole, fully, correctly, and clearly present the law, nothing more can be required; and careful examination of all that was said by the learned judge in this case has entirely satisfied us that he explained the whole law applicable to it, in precise conformity with our decision, made about a year ago, in the similar case of Salem Iron Co. v. Lake Superior Consol. Iron Mines, 50 C. C. A. 213, 112 Fed. 239. We have not been convinced that that decision was, upon any point, erroneous, and nothing need now be added to what was then said.

No error was committed in admitting the testimony that the contract in suit had not been objected to. Nonobjection may not, under the circumstances, have been equivalent to ratification; but, taken in connection with the other facts of which there was evidence, it was properly for consideration upon the question of ratification, which, with proper instructions, was rightly submitted to the jury.

What has been said renders it unnecessary to refer to the specifications with particularity. None of them is, in our opinion, well founded, and therefore the judgment of the circuit court is affirmed.